IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDON KIRK GRAY,

    Petitioner,                    No. CIV S-07-2232 MCE DAD P

    vs.

T. FELKER, Warden,

    Respondent.                  FINDINGS AND RECOMMENDATIONS

                                     /

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is respondent's motion to dismiss the petition as untimely filed. After the granting of an extension of time to do so, petitioner has filed an opposition to the motion.

        For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows: On October 28, 2004, petitioner was sentenced to a term of twenty-eight years imprisonment after being convicted of two counts of voluntary manslaughter with sentencing enhancements for use of a firearm and having suffered a prior felony conviction. On January 31, 2006, the California Court of Appeal for the Third Appellate District affirmed the judgment of conviction. Petitioner did not file a petition for review with the California Supreme Court. Therefore, the judgment became final on March 13, 2006. (Rules 8.264(b) and 8.500(e) of the

1

California Rules of Court.)  One year later, on March 13, 2007, petitioner signed a state habeas petition which was subsequently filed with the California Supreme Court on March 19, 2007. The petition was denied by the California Supreme Court on August 8, 2007.  Thereafter, petitioner filed a petition for writ of habeas corpus with this court on October 19, 2007. According to the proof of service attached thereto petitioner's federal habeas petition was given to prison officials for mailing to this court on October 8, 2007.

I. The Parties' Arguments

Respondent argues that even if petitioner is entitled to tolling for the period of time the California Supreme Court petition was pending in that court, given the governing one-year statute of limitations his federal petition was untimely due to his inaction from March 13, 2006 to March 13, 2007.  In addition, respondent argues that petitioner has provided no explanation for the delay in filing his federal petition and has failed to demonstrate diligence in pursuing his claim.  Respondent argues that petitioner is not entitled to equitable tolling and since the factual allegations petitioner raised in his petition to the California Supreme Court were similar to those raised in his federal petition, there is no evidence that any state action prevented him from filing a timely federal petition.

Petitioner opposes the motion to dismiss, arguing that he is entitled to equitable tolling for one year after the California Supreme Court denied his state habeas petition on August 28, 2007.[1]  However, in support of this argument petitioner merely states that he was unable to file his federal petition because of "prison lockdown; Petitioner's inability to obtain legal assistance; and get access to the prison law library." (Opp'n at 2.)  Petitioner also contends that
/////

---

[1] It appears that petitioner has misstated the date of the California Supreme Court decision.  In his federal habeas petition, petitioner represented that his habeas petition before the California Supreme Court was denied on August 8, 2007. (Petition, Question 9, at 3.) Respondent also represents that the California Supreme Court denied the petition on August 8, 2007. (Mot. to Dismiss at 3.)   In any event, the twenty day difference does not impact the outcome of the pending motion.

2

he acted diligently "in light of his situation when Petitioner was able to find the assistance of another inmate to file for collateral review on March 19, 2007." (Id. at 2-3.)

II. The AEDPA Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The statute of limitations applies to all federal habeas petitions filed after the statute was enacted on April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997). Because this action was commenced in 2007, the AEDPA period of limitations is applicable to the petition. Specifically, that statute provides in relevant part:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

/////

III. <u>Analysis</u>

Even assuming that petitioner is entitled to statutory tolling for the time his habeas petition was pending before the California Supreme Court, his federal petition was untimely filed. Viewed in the light most favorable to petitioner, the statute of limitations for his filing of a federal petition for writ of habeas corpus began to run on March 14, 2006, the day after the judgment became final. It continued to run for 364 days until March 13, 2007, when he signed the petition filed with the California Supreme Court. The statute of limitations began to run again on August 9, 2007, when the California Supreme Court denied the petition before it, and continued to run for 60 days until petitioner's federal petition was given to prison officials for mailing on October 8, 2007. Therefore, petitioner's federal habeas petition was filed in this court at least fifty-nine days after the one-year statute of limitations had expired.

Petitioner argues that he is entitled to equitable tolling because of his inability to obtain legal assistance, the limited law library access, and a prison lockdown. His argument in this regard is unpersuasive. Petitioner has the burden of establishing his entitlement to equitable tolling. See <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005); <u>see also</u> <u>Lawrence v. Florida</u>, ___ U.S. ___, 127 S. Ct. 1079 (2007) (assuming without deciding that equitable tolling applies to § 2244(d)). Generally, to be found entitled to equitable tolling a petitioner must establish: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Id.</u> Here, petitioner has made no showing that he was diligently pursuing his habeas claim. In fact, petitioner made no effort to pursue his habeas claim for 364 days and, after receiving the California Supreme Court's denial of his state habeas petition, waited two more months before pursuing relief in this court even though his state and federal petitions were substantially the same.

The court also finds that petitioner has not shown extraordinary circumstances prevented him from filing a timely federal petition. Lockdowns which may limit access to the law library do not alone warrant equitable tolling. See <u>Robinson v. Marshall</u>, No. CV-07-1606-

1  GHK (JWJ), 2008 WL 2156745 at *3 (C.D. Cal. May 18, 2008) ("Lockdowns, however, and
2  resulting restricted access to the prison law library are not, by themselves, extraordinary
3  circumstances for prisoners."); Atkins v. Harris, No. C 98-3188 MJJ (PR), 1999 WL 13719 at *2
4  (N.D. Cal. Jan. 7, 1999) (reasoning that "lockdowns, restricted library access and transfers do not
5  constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of
6  limitations."); United States v. Van Poyck, 980 F. Supp. 1108, 1111 (C.D. Cal. 1997) (holding
7  that lockdowns at prison lasting over one week and allegedly eliminating access to law library
8  were not extraordinary circumstances and did not equitably toll the AEDPA one-year statute of
9  limitations applicable to motions filed by prisoners in federal custody pursuant to 28 U.S.C. §
10 2255).  "Prisoners familiar with the routine restrictions of prison life must take such matters into
11 account when calculating when to file a federal [habeas] petition." Boyd v. Kramer, No. CIV S-
12 05-0988 ALA HC, 2008 WL 782766 at *6 (E.D. Cal. Mar. 21, 2008) (quoting Atkins v. Harris).
13 Cf. Lindquist v. Idaho State Board of Corrections, 776 F.2d 851, 858 (9th Cir. 1985) ("[T]he
14 Constitution does not guarantee a prisoner unlimited access to a law library.").

15        Without explanation petitioner also contends that he is entitled to equitable tolling
16 because of his "inability to obtain legal assistance[.]" (Opp'n at 2.)  However, a prisoner's "lack
17 of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable
18 tolling." Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). See also Cruz v. Ollison,
19 No. CV 07-1291-GHK (JCR), 2008 WL 2156735 at *7 (C.D. Cal. May 19, 2008) ("[T]he law is
20 well-established that neither a habeas petitioner's pro se status nor his ignorance of the law is
21 sufficient to warrant equitable tolling."), Ekenberg v. Lewis, No. C98-1450 FMS (PR), 1999 WL
22 13720 at *2 (N.D. Cal. Jan. 12, 1999) (holding that ignorance of the law and lack of legal
23 assistance do not constitute extraordinary circumstances).
24 /////
25 /////
26 /////

CONCLUSION

For all of the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Respondent's December 5, 2007 motion to dismiss this action as filed beyond the one-year statute of limitations be granted; and

2. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within five days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 21, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
gray2232.mtd